UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JEFFERSON CARES,<br>Plaintiff,<br>v.<br>ERIC TRIOLO, et al.,<br>Defendants. | Case No. 18-cv-07651-HSG<br>**ORDER DIRECTING PLAINTIFF TO PROVIDE LOCATION OF UNSERVED DEFENDANT ERIC TRIOLO AND ORDER ON MOTION TO STAY**<br>Re: Dkt. No. 24 |

Plaintiff Thomas Jefferson Cares, proceeding *in forma pauperis*, filed this civil action in December 2018 against Defendants Eric Triolo, Kelly Burbank, Paul Gilles, the County of San Benito, Darren Thompson, Gregory LaForge, Mitt French, and Patrick Palacios. Dkt. No. 1 ("Compl."). The only remaining Defendants are Defendants Triolo, Burbank, and Gilles.[1] This order addresses (1) service on Defendant Triolo and (2) Plaintiff's pending motion to stay.

**I. UNSERVED DEFENDANT ERIC TRIOLO**

Defendants Burbank and Gilles have been served. However, the Marshal was unable to serve Defendant Triolo because he appears to have changed residences. *See* Dkt. No. 18. Although a plaintiff who is proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 120 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

---

[1] The Court adopted Magistrate Judge Cousins' Report and Recommendation and dismissed Defendants County of San Benito, Darren Thompson, Gregory LaForge, Mitt French, and Patrick Palacios. Dkt. No. 38.

It appears that Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendant Triolo. Consequently, Plaintiff must remedy the situation or face dismissal of his claims against Defendant Triolo without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, within sixty (60) days of the date this order, Plaintiff must effect service on Defendant Triolo, or submit to the Court sufficient information to locate Defendant Triolo such that the Marshal is able to effect service. Failure to do so will result in dismissal of Defendant Triolo without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## II. MOTION TO STAY

Plaintiff filed a motion to stay the case pending resolution of his criminal case. Dkt. No. 24. Defendants Burbank and Gilles do not oppose the stay. Dkt. No. 25. Under *Heck v. Humphrey*, Plaintiff's ongoing criminal case could impact the Court's ability to hear this civil case, and thus the Court finds that a limited stay is warranted. *See* 512 U.S. 477, 487 n.8 (1994) ("if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings"). The Supreme Court has held that "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394.

Here, Plaintiff's claims are related to the criminal case. Plaintiff brings claims of (1) violation of federal civil rights, 42 U.S.C. § 1983); (2) violation of state civil rights, Cal. Civ. Code § 52.1; (3) false arrest; (4) intentional infliction of emotional distress; and (5) negligent

infliction of emotional distress. Compl. at 1. These claims arise from the same set of events as his criminal case, in which he is charged with residential burglary. *See generally* Compl.; *see also id*. ¶¶ 8, 14 (Plaintiff alleging that Defendant Burbank and Gilles fabricated a police report to find probable cause for the residential burglary charge). Therefore, a stay pending the resolution of Plaintiff's criminal case is appropriate.

The Court recognizes that a stay pending resolution of the criminal case may indefinitely stall this case and unduly delay efficient resolution. Plaintiff's criminal case has been pending since 2017, and it is unclear when it will conclude. *See* Dkt. No. 24-1. Materials Plaintiff submitted in this case reflect the District Attorney's view that Plaintiff has been responsible for the delays in that case. *Id*. At the case management conference on June 25, 2019, Plaintiff represented that his criminal case was no longer "on calendar" because he had missed previous hearings. Although Plaintiff said that he is trying to "get it back on calendar," the Court has no confidence about when the criminal case will be resolved. The Court will not allow the pendency of the criminal case to delay resolution of this case without end. Therefore, the Court orders that this case is stayed ninety (90) days from the date of this order or until resolution of the criminal case, whichever occurs first. If there is a resolution before the ninety day period, the parties are ordered to file a joint status report within seven days of judgment. If the criminal case has not been resolved by then, the parties are directed to file a joint status report updating the Court on the status of the criminal case.

//
//
//
//
//
//
//

3

## III. CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. Within sixty (60) days of the date this order is filed, Plaintiff must effect service on Defendant Triolo, or submit to the Court sufficient information to locate Defendant Triolo such that the Marshal is able to effect service.

2. The case is stayed for ninety (90) days or until resolution of Plaintiff's criminal case, whichever occurs first. The parties are directed to provide the Court with a joint status report within seven days of resolution of the criminal case, or at the end of the ninety day period.

This order terminates Docket Number 24.

**IT IS SO ORDERED.**

Dated: 6/26/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge