UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JEFFERSON CARES,<br><br>    Plaintiff,<br><br>v.<br><br>KELLY BURBANK, et al.,<br><br>    Defendants. | Case No. 18-cv-07651-HSG<br><br>**ORDER DENYING MOTION TO DISMISS AND ADMINISTRATIVELY CLOSING THE CASE**<br><br>Re: Dkt. No. 51 |

Pending before the Court is the Motion to Dismiss ("Motion," Dkt. No. 51), filed by Defendants Kelly Burbank and Paul Gilles, for which briefing is complete. Dkt. Nos. 52, 53. For the reasons set forth below, the Court **DENIES** the Motion without prejudice, and administratively closes the case.[1]

## I.  BACKGROUND

Plaintiff Thomas Jefferson Cares, pro se, filed his complaint on December 19, 2018, against nine Defendants based on their alleged mistreatment of him when he was lost in San Benito County in December 2016. Dkt. No. 1. On or about December 19, 2016, Plaintiff was brought to the San Benito County Sheriff's Department after Eric Triolo alleged that Plaintiff trespassed on his property and vandalized his home. *Id*. ¶¶ 5, 8, 11, 12. According to Plaintiff, he was lost in the hills of San Benito County for two days in December 2016 until he ran into Triolo. *Id*. ¶¶ 1–6. Plaintiff alleges that Triolo became "hostile" to Plaintiff because of alleged political differences, detained Plaintiff, and drove him to the county sheriff's office. *Id*. ¶¶ 7–11. Defendants Kelly Burbank and Paul Gillies were San Benito County Sheriff's Deputies who were on duty when Triolo brought Plaintiff to the sheriff's office. *Id*. ¶¶12-14.

---

[1] The Court finds this matter appropriate for disposition without oral argument, and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

Plaintiff alleges that Burbank and Gillies are responsible for wrongfully arresting him on allegations of residential burglary. *Id.* ¶14. Plaintiff specifically alleges that the deputies refused to provide him with medical attention, wrongly arrested him, fabricated false reports about him, and put him on suicide watch even though he was not suicidal. *Id*. ¶¶ 12–19.[2] Plaintiff was criminally prosecuted, *id.* ¶¶19-20, and the criminal action remains pending. On April 11, 2019, Mr. Cares failed to appear and his bail was forfeited. *See* Dkt. No. 51-3. As of November 9, 2019, a warrant had been issued for Mr. Cares and his bail forfeiture was extended to May 6, 2020. *Id*.

Plaintiff alleges causes of action against Defendants for (1) violation of federal civil rights, 42 U.S.C. 1983; (2) violation of state civil rights, Cal. Civ. Code §52.1; (3) false arrest; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress.

## II.     DISCUSSION

### A.     Legal Standard

In *Heck v. Humphrey*, the Supreme Court considered a § 1983 claim brought by a plaintiff who was simultaneously pursuing an appeal in state court of his conviction for voluntary manslaughter. 512 U.S. 477, 478 (1994). In affirming the dismissal of the plaintiff's § 1983 claims, the Supreme Court held that "in order to recover damages for … harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 479. The Supreme Court directed district courts to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

---

[2] Judge Cousins, during the IFP screening, dismissed six of the Defendants for failure to state a claim. Dkt. No. 7. The remaining Defendants were Triolo and the two sheriff deputies, Burbank and Gillies. Burbank and Gillies were served and filed their answer. *See* Dkt. Nos. 19, 20, 23. The marshal was unable to serve Triolo, as he apparently sold his home and moved. Dkt. No. 18. The Court dismissed Defendant Triolo on October 3, 2019. Dkt. No. 42.

Therefore, if a court that determines a civil claim would impugn a plaintiff's criminal conviction, it may dismiss the civil claims without prejudice and allow the plaintiff to refile the claims once plaintiff's conviction is reversed. *See Mills v. City of Covina*, 921 F.3d 1161, 1168 (9th Cir. 2019).

### B. Plaintiff's Claims are Not Presently *Heck*-Barred

While Plaintiff spends his opposition lecturing the Court about the nature of the criminal justice system and his claims here, he fails to contest that a judgment in his favor as to each of his claims would necessarily imply the invalidity of any ultimate conviction on the criminal charges pending in state court (that is, if he ever decides to show up and resolve the criminal case). Therefore, because the underlying criminal case is still pending, the Court will stay the action pending resolution of the underlying criminal case. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court … to stay the civil action until the criminal case … is ended.").

Because for the time being Plaintiff has chosen not to face the state court criminal charges, this case must be stayed. Given that there is no basis to know when or how the criminal case will be resolved due to Plaintiff's ongoing failure to appear, the Court in its discretion will stay this matter, administratively close the case, and will reopen the matter if and when the criminal case is resolved in a manner so as to allow these claims to proceed under *Heck*. Defendants' motion to dismiss is therefore **DENIED** without prejudice, and the Clerk is directed to administratively close the file.

**IT IS SO ORDERED.**

Dated: 9/28/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge